

664 E. Hallandale Beach Blvd. I Hallandale, FL 33009
**T:** 954.589.0588  **F:** 954.337.0666
Toll Free: 877.332.8352



## SCOTT D. OWENS, Esq.
### Attorney at Law

www.ScottDOwens.com

Class Action Litigation
Spam Text Messages

FDCPA & TCPA Violations
Telemarketing Calls

Electronic Privacy Issues
Debt Collection Defense



March 14, 2013

**TO:**

John Ley, Clerk of Court
U.S. Court of Appeals for the 11th Circuit
56 Forsyth St., N.W.
Atlanta, Georgia 30303

*12-14564 - DD*

### CITATION OF SUPPLEMENTAL AUTHORITY

Pursuant to Fed. R. App. P. 28(j) Appellee, Lynn Breslow, submits as supplemental authority the decision in <u>Swope v. Credit Management, LP</u>, Slip Copy, 2013 WL 607830, No. 4:12CV832 CDP (E.D. Mo., Feb. 19, 2013).

> *Plaintiff alleges that defendant intended to call this number, and she received these calls on her cell phone, which I agree is sufficient to qualify as a "called party" under the statute.*

<u>Id.</u> at 7. This supplemental authority is pertinent to the issue of whether the TCPA requires the actual recipient of the call to have been the intended recipient in order to be the "called party" within the meaning of the TCPA, argued in the negative in Appellee's brief at pp. 12-21.

Respectfully submitted,

_____

Scott D. Owens, Esq.
Law Office of Scott D. Owens, P.A.
664 E. Hallandale Beach Blvd.
Hallandale, FL 33009
Tel:    954-589-0588
Fax:    954-337-0666
scott@scottdowens.com
*Attorney for Appellee*

cc:    *Attached Service List*

## SERVICE LIST

Jan T. Chilton
Severson & Werson
ONE EMBARCADERO CTR STE 2600
SAN FRANCISCO, CA 94111

Elliot Aaron Hallak
Fox Rothschild, LLP
222 LAKEVIEW AVE STE 700
WEST PALM BEACH, FL 33401-6148

Scott James Hyman
Severson & Werson, APC
19100 VON KARMAN AVE STE 700
IRVINE, CA 92612

Amy Rubin
Fox Rothschild, LLP
222 LAKEVIEW AVE STE 700
WEST PALM BEACH, FL 33401-6148

Eric J. Troutman
Severson & Werson, APC
19100 VON KARMAN AVE STE 700
IRVINE, CA 92612

Slip Copy, 2013 WL 607830 (E.D.Mo.)
**(Cite as: 2013 WL 607830 (E.D.Mo.))**

Only the Westlaw citation is currently available.

United States District Court,
E.D. Missouri,
Eastern Division.
Cheryl SWOPE, Plaintiff,
v.
CREDIT MANAGEMENT, LP, Defendant.

No. 4:12CV832 CDP.
Feb. 19, 2013.

Alexander H. Burke, Burke Law Offices, LLC, Chicago, IL, Robert T. Healey, Jr., Healey Law, LLC, Chesterfield, MO, for Plaintiff.

David M. Schultz, Hinshaw and Culbertson, Chicago, IL, John M. Hongs, Hinshaw and Culbertson, LLP, St. Louis, MO, for Defendant.

### MEMORANDUM AND ORDER

CATHERINE D. PERRY, District Judge.

**\*1** Plaintiff Cheryl Swope filed this claim against Defendant Credit Management, LP under the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227 *et seq.* In plaintiff's second amended complaint, she added a new plaintiff, Jenny Brown, but Brown's claim is being transferred to the Central District of California. Defendant moves to dismiss the second amended complaint under Federal Rule of Civil Procedure 12(b)(1) on the ground that Swope does not have standing to raise a TCPA claim against this defendant.[FN1] Defendant also filed a motion to stay the proceedings in this case pending a related ruling by the Federal Communications Commission (FCC). For the following reasons, I will deny the motion to dismiss and the motion to stay.

> FN1. Defendant argued that Brown similarly lacked standing under the statute. It also argued that plaintiff Brown failed to adequate state a claim and so her claim

should be dismissed under Rule 12(b)(6) or, in the alternative, she should be ordered to provide a more definite statement under Rule 12(e). However, because her claim has been transferred out of this district, I will deny the motions to dismiss or for more definite statement—as they relate to plaintiff Brown—as moot.

### Background

According to the complaint, defendant obtained an account receivable by Charter Communications and began making phone calls to collect the debt. Plaintiff Swope received several calls to her cellular phone in defendant's attempt to collect a debt from someone named Kevin Koper,[FN2] and at least five of those calls included prerecorded messages that automatically played when Swope answered the call. The message stated: "This call is for Kevin Koper. If you are not Kevin Koper, you will have a few moments to disconnect." Swope disconnected the calls as instructed, but she was charged for each minute of phone service used on these calls. She alleges that the defendant used skip tracing services to obtain phone numbers for debtors who were difficult to locate, and they saved these numbers into their predictive dialer system without obtaining consent to call them.

> FN2. This individual's last name is alternatively spelled "Koper," "Coper," and "Cooper" throughout the complaint. To avoid confusion, I will use "Koper" throughout this Order.

Defendant filed a motion to dismiss on the basis that Swope does not have standing to raise a TCPA claim because she was not the intended recipient of the phone calls. Plaintiff responds that the statute does not require the recipient of the call to have been the intended recipient in order to have standing under the TCPA.

Defendant has also filed a motion to stay this

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

case pending a decision by the FCC as to whether a predictive dialer falls under the prohibitions of the TCPA. Plaintiff argues in response that the FCC decision will not determine the outcome of this case because she alleges both use of a predictive dialer and use of prerecorded messages, and the FCC is not considering anything related to prerecorded messages. She also argues that the delay caused by the FCC's ruling, if it decides to issue one, is unwarranted, especially considering that the FCC has twice ruled against the defendant's position.

### Motion to Dismiss or for More Definite Statement

Defendant seeks to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction. If a plaintiff lacks standing to bring a claim, then a court does not have subject-matter jurisdiction over that claim. *Faibisch v. Univ. of Minn.,* 304 F.3d 797, 801 (8th Cir.2002). A motion under Rule 12(b)(1) may challenge the complaint "on its face or on the factual truthfulness of its averments." *Titus v. Sullivan,* 4 F.3d 590, 593 (8th Cir.1993). In a facial challenge, "the nonmoving party receives the same protections ... as it would defending against a motion brought under Rule 12(b)(6)." *Hastings v. Wilson,* 516 F.3d 1055, 1058 (8th Cir.2008) (internal quotation marks and citation omitted). This means that the court assumes the factual allegations of a complaint are true and construes the facts in favor of the plaintiff. *Neitzke v. Williams,* 490 U.S. 319, 326 (1989). To avoid dismissal for failure to state a claim, the plaintiff must allege facts sufficient to "raise the right to relief above the speculative level," not merely "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007).

**\*2** In this case, defendant challenges the plaintiff's statutory standing to bring a claim under the TCPA. "Statutory standing is simply statutory interpretation: the question it asks is whether Congress ... has accorded *this* injured plaintiff the right to sue the defendant to redress his injury." *Miller v. Redwood Toxicology Lab., Inc.,* 688 F.3d 928,

934 (8th Cir.2012) (internal quotation marks and citation omitted). Credit Management raises a factual challenge to the complaint that the plaintiff does not qualify as a "called party," as is required under the TCPA. It argues that the "called party" under the statute would be the person for whom the messages were left—Kevin Koper, according to the complaint. In its facial challenge to the complaint, Credit Management also argues that plaintiff does not allege that she is the subscriber of this cellular phone, as required under the statute.

"In determining the proper scope of a statute, [courts] start with its plain language." *United States v. Talley,* 16 F.3d 972, 975 (8th Cir.1994). The TCPA states that it is unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice ... to any telephone number assigned to a ... cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii). The language in the TCPA creating a private right of action states:

A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State—

(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

(C) both such actions.

If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

(B) of this paragraph.

47 U.S.C. § 227(b)(3).

Credit Management's first statutory standing argument is based on its contention that only a "called party" has standing to raise a TCPA claim, and this plaintiff was not a "called party." Looking at the language of the TCPA private right of action language above, there is no support for Credit Management's argument. By its plain language, the TCPA grants standing to any "person or entity." The only relevant reference to a "called party" in this section of the statute appears in one of the affirmative defenses to enforcement of the statute: a call made with the prior express consent of the called party.[FN3] This does not in any way limit the class of people who may bring a cause of action under the statute to "called parties." [FN4]

> FN3. Even in the context of this limited exception to the statute, the Seventh Circuit interpreted a "called party" in a way that undermines defendant's argument. *See Soppet v. Enhanced Recovery Co.,* 679 F.3d 637, 643 (7th Cir.2012) (defining the " 'called party' in § 227(b)(1) [as] the person subscribing to the called number at the time the call is made).

> FN4. Defendant cites two primary cases to support its argument that the TCPA only grants standing to "called parties": *Leyse v. Bank of America,* 2010 WL 2382400 (S.D.N.Y. June 14, 2010) and *Cellco P'ship v. Dealers Warranty, LLC,* 2010 WL 3946713 (D.N.J. Oct. 5, 2010). These cases are distinguishable on their facts. *Leyse* involved a phone call to a residential line, rather than a cell phone, and the person who answered the call was roommates with the person that the caller was trying to reach. *Leyse,* 2010 WL 2382400, at *2. The phone number for the person the caller tried to reach was correct, and the roommate happened to answer the call. *Id.* at

*4–5. That situation is distinguishable from the calls made by Credit Management in this case, which were made to the cell phone used by the plaintiff and not associated in any way with the person that Credit Management was trying to reach. In *Cellco,* the plaintiffs consisted of telecommunications companies, rather than the actual users of the cell phones that received the calls. *Cellco,* 2010 WL 3946713, at *2. That situation is distinguishable from plaintiff here, who personally received the calls from Credit Management.

*3 Plaintiff, who is a "person," allege that Credit Management violated the terms of the TCPA by calling her cellular telephone through the use of a predictive dialer and prerecorded messages. Under the plain terms of the statute, plaintiffs allegations demonstrate that she adequately stated the elements of a TCPA claim, and thus has statutory standing to assert this claim against Credit Management.

Furthermore, even if the TCPA limits standing to "called parties," the plaintiff qualifies as a called party under the facts of this case. Numerous courts that have considered this issue have held a party to be a "called party" if the defendant intended to call the individual's number, and that individual was the regular user and carrier of the phone. *See, e.g., Agne v. Papa John's Int'l, Inc.,* 2012 WL 5473719, at *5 (W.D.Wash. Nov. 9, 2012); *Page v. Regions Bank,* 2012 WL 6913593, at *5 (N.D.Ala. Aug. 22, 2012); *D.G. ex rel Tang v. Siegel,* 791 F.Supp.2d 622, 625 (N.D.Ill.2011). Plaintiff alleges that defendant intended to call this number, and she received these calls on her cell phone, which I agree is sufficient to qualify as a "called party" under the statute.

Defendant makes a related, facial challenge to plaintiff's statutory standing by arguing that she does not allege in the complaint that she is the "subscriber" to this cell phone. Based on my conclusion that plaintiff has standing if she is the regu-

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

Page 4

Slip Copy, 2013 WL 607830 (E.D.Mo.)   Case: 12-14564   Date Filed: 03/18/2013   Page: 6 of 7
(Cite as: 2013 WL 607830 (E.D.Mo.))

lar user and carrier of the cell phone that is at issue in this case, plaintiff must allege these facts. However, there is no requirement in the statute that the plaintiff must actually be the "subscriber" to the cell phone. *See also Page,* 2012 WL 6913593, at *5 (classifying the plaintiff as the "subscriber" to the phone even though it was registered in his fiancee's name because he was "the regular user and carrier of the cell phone, as well as the person who needs the telephone line to receive other calls"). Although she should have provided more specificity in her complaint as to her use and ownership of the phone, she alleges that the calls were made to "plaintiff Swope's cell phone," and she alleges that she was charged for each call. These allegations are adequate at this stage of the case. Therefore, I will deny defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1).

### Motion to Stay

Defendant also moves to stay this case pending resolution of a related FCC proceeding. It invokes the "primary jurisdiction" doctrine in support of its motion. "Primary jurisdiction is a common-law doctrine that is utilized to coordinate judicial and administrative decision making." *Access Telecomms. V. Sw. Bell Tel. Co.,* 137 F.3d 605, 608 (8th Cir.1998). The doctrine "applies where a claim is originally cognizable in the courts, and comes into play whenever enforcement of the claim requires the resolution of issues which, under a regulatory scheme, have been placed within the special competence of an administrative body." *Alpharma, Inc. v. Pennfield Oil Co.,* 411 F.3d 934, 938 (8th Cir.2005) (internal quotation marks and citation omitted).

*4 There is no fixed formula to determine the applicability of the doctrine, but rather it depends on "whether the reasons for the doctrine are present and whether applying the doctrine will aid the purposes for which the doctrine was created." *Access,* 137 F.3d at 608. Deferral to an agency determination is appropriate for (1) "the promotion of consistency and uniformity within the areas of regula-

tion, and (2) "the use of agency expertise in cases raising issues of fact not within the conventional experience of judges or cases requiring the exercise of administrative discretion." *Alpharma,* 411 F.3d at 938 (internal citation omitted). The doctrine "is to be invoked sparingly, as it often results in added expense and delay." *Id.* at 938 (internal quotation marks and citation omitted).

As an initial matter, Credit Management contends that the viability of the plaintiff's claim is completely dependent on the ruling of the FCC. This is not correct. Plaintiff's second amended complaint alleges violations of the TCPA through the use of an automatic telephone dialing system *and* through the use of artificial or prerecorded messages. From the plain text of the statute, each of these violations is independently actionable; plaintiff may recover damages for calls made "using any automatic telephone dialing system *or* an artificial or prerecorded voice." 47 U.S.C. § 227(b)(1)(A) (emphasis added). Therefore, even if the primary jurisdiction doctrine should be invoked for the claims related to the automatic telephone dialing system, plaintiff's claims regarding the use of an artificial or prerecorded voice are appropriately before this court, regardless of the FCC's decision.

Regarding the plaintiff's claims related to Credit Management's alleged use of an automatic telephone dialing system, Credit Management argues that the FCC has primary jurisdiction over this matter. This argument is based on the FCC's issuance of a public notice for comments regarding whether it should reconsider its prior rulings that predictive dialers used by debt collection companies fall within the scope of the TCPA. Using the above factors set forth by the Eighth Circuit regarding primary jurisdiction, I conclude that invoking the doctrine is not appropriate in this case, and I will deny the motion to stay.

The first factor analyzed by the Eighth Circuit is whether deferral to the FCC would promote consistency and uniformity in this area of regulation. The FCC has already considered the particular is-

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

Page 5

Slip Copy, 2013 WL 607830 (E.D.Mo.)
Case: 12-14564    Date Filed: 03/18/2013    Page: 7 of 7
(Cite as: 2013 WL 607830 (E.D.Mo.))

sues posed by the petition at least twice. *See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* 18 FCC Rcd. 14,014, 14,090–93 (July 3, 2003); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* 23 FCC Rcd. 559, 566–67 (Jan. 4, 2008). Both times, it has held that predictive dialers are considered automatic telephone dialing systems subject to the TCPA, and that debt collectors are not exempt from the statute's prohibitions. *See id.* The interests of consistency and uniformity are better served by allowing this case to proceed based on the prior interpretations of the FCC that have been consistently applied by the courts, rather than postponing this case for an indefinite amount of time because the possibility that the FCC may decide to reconsider its past position. Further, any reconsideration by the FCC regarding its interpretation of these provisions of the TCPA would likely only be applied prospectively. *See Am. Tel. & Tel. Co. v. FCC,* 978 F.2d 727, 732 (D.C.Cir.1992) (citing *Bowen v. Georgetown Univ. Hosp.,* 488 U.S. 204, 208 (1988)). Because plaintiff is seeking damages for past conduct,[FN5] any change by the FCC is irrelevant to the question of whether defendant's conduct violated the TCPA at the time of its actions, as it would only apply to future conduct. Therefore, the interests of consistency and uniformity do not weigh in favor of staying this case.

> FN5. Plaintiff also seeks injunctive relief, which would implicate not only the defendant's past conduct, but also its current and ongoing conduct. As to this issue, defendant may seek a stay of that particular claim for relief at some future point in this litigation, if it becomes necessary and appropriate based on the remainder of the proceedings. In the meantime, defendant will not be prejudiced by having to conduct discovery and continue litigating this case, even if the claim for injunctive relief is eventually stayed.

*5 The second factor considered by the Eighth Circuit is whether agency expertise is appropriate for resolving issues of fact not within the conventional experience of judges, or whether the case requires the exercise of administrative agency discretion. Plaintiff is correct that interpretation and implementation of the TCPA's provisions has been delegated to the FCC by Congress. However, this is not an issue that requires agency expertise or implicates agency discretion. As mentioned above, this is not an issue of first impression. The FCC has already issued rulings on this precise question. Thus, this case only requires this court to enforce prior rulings of the FCC, which is well within the conventional experience of judges. Therefore, because I do not find that agency expertise or discretion is necessary in this case, I will deny the defendant's motion to stay.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss the second amended complaint [# 51] is denied.

**IT IS FURTHER ORDERED** that defendant's motion to stay [# 53] is denied.

E.D.Mo.,2013.
Swope v. Credit Management, LP
Slip Copy, 2013 WL 607830 (E.D.Mo.)

END OF DOCUMENT

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.